UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY <br> Plaintiff <br> v. <br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA <br> Defendant | CASE NO.: <br><br> COMPLAINT |

## INTRODUCTION

1. This is a declaratory judgment action filed pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57 for a declaration of rights and other relief under a contracts of insurance, and as between insurers.

2. Plaintiff, Carolina Casualty Insurance Company (hereinafter "CCIC"), seeks a declaration of rights and obligations under a policy of insurance issued by CCIC to Ho-Ro Trucking, Inc. and a policy of insurance issued by Travelers Property Casualty Company (hereinafter "Travelers") to Gardner M. Bishop, Inc.

3. Plaintiff seeks a declaration with respect to the obligation of defense and indemnity of Gardner, Masson, Bishop and Company, or any entity affiliated with it and/or insured under the said Travelers Policy, including any of such entities' associated companies answering for them (hereinafter, collectively, "Gardner Bishop"), in a civil action entitled Kanard v. Gardner, Masson, Bishop and Company, et al., pending in the Superior Court of New Jersey, Middlesex County, under Docket Number L-6836-08, for damages arising out of an accident which occurred on September 28, 2007 (hereinafter

the "Kanard Suit"). A true and accurate copy of the Complaint filed in the Kanard Suit is attached hereto as Exhibit "A."

4. Plaintiff also seeks a declaration with respect to the obligation of CCIC in regard to defense and indemnity of Gardner Bishop in the Kanard Suit, namely, that CCIC is not obligated to defend or indemnify in the Kanard Suit.

5. Plaintiff also seeks, in the alternative, a declaration of rights and obligations of CCIC and Travelers in respect to allocation of any defense or indemnity obligation found to be owed by them with respect to defense and indemnity of Gardner Bishop in the Kanard Suit.

## PARTIES

6. Plaintiff incorporates by reference the allegations of paragraphs 1 through 5 of this Complaint, as though set forth fully herein.

7. Travelers Property Casualty Insurance Company is a subsidiary, affiliate, sister company, member, and/or otherwise owned by or a part of, The Travelers Companies, Inc., a Minnesota company with its principal executive offices 485 Lexington Avenue, New York, New York; and principal offices at One Tower Square, Hartford, Connecticut; and principal claims operations at 2 Jericho Plaza, Jericho, New York.

8. Carolina Casualty Insurance Company is a Florida Company with a principal place of business at 4600 Touchton Road East Building 100, Suite 400 Jacksonville, Florida.

## JURISDICTION AND VENUE

9. Plaintiff incorporates by reference the allegations of paragraphs 1 through 8 of this Complaint, as though set forth fully herein.

10. This lawsuit is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.

12. The relief requested is specifically authorized pursuant to 28 U.S.C. § 2201.

13. There is a present and actual controversy between the parties.

14. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because the September 28, 2007, accident from which the claims and suits at issue arise took place in the District, and because the underlying liability lawsuit has been filed in the State of New Jersey, among other grounds.

## FACTS

15. Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 of this Complaint, as though set forth fully herein.

16. This matter arises out of a construction site accident along the New Jersey Turnpike near Exit 13, wherein Gardner Bishop functioned as the General Contractor.

17. Upon information and belief, on or about September 28, 2007, Gardner Bishop contracted orally or in writing with Ho-Ro Trucking to transport concrete Jersey

barriers from a staging or take-down area to another location for Gardner Bishop's construction project.

18. Upon information and belief, Ho-Ro dispatched a tractor with a flat-bed trailer, driven by its employee, John Kanard.

19. Upon information and belief, in accordance with an agreement with Gardner Bishop, Kanard stood by while one or more Gardner Bishop employees loaded the barriers using a crane or other mechanical device.

20. Upon information and belief, during this process, a barrier dropped from the crane, striking Kanard and causing him injury.

21. Upon information and belief, Kanard received workers compensation benefits through his employer, Ho-Ro Trucking.

22. Kanard filed a lawsuit in the Superior Court of New Jersey, Middlesex County, under Docket Number L-6836-08, against Gardner Bishop and others, on grounds that their negligence caused the September 28, 2007, accident and his injuries. Exhibit "A."

23. Kanard's employer, Ho-Ro Trucking, Inc., is not a Defendant in the Kanard Suit. Exhibit "A."

24. There is no allegation in the Kanard Suit that Ho-Ro Trucking, Inc. was negligent or responsible for the accident. Exhibit "A."

25. Travelers issued a policy of insurance to Gardner M. Bishop, Inc., numbered DT-CO-963K3505-TIL-07, with effective dates of January 23, 2007, to January 23, 2008, designating Gardner Bishop (as previously defined herein) as an

insured(s). A true and accurate copy of the Travelers Policy is attached hereto as Exhibit "B."

26. The Travelers Policy affords coverage to Gardner Bishop for defense of Gardner Bishop and indemnity for any damages awarded to Kanard and against Gardner Bishop in the Kanard Suit.

27. Travelers agreed to this obligation.

28. Travelers agreed to defend and has been defending Gardner Bishop in the Kanard Suit.

29. Plaintiff, CCIC, issued a policy of insurance to Ho-Ro Trucking, Inc., numbered CTP 346559, with effective dates of March 9, 2007, to March 9, 2008, (hereinafter the "CCIC Policy"). A true and accurate copy of the CCIC Policy is attached hereto as Exhibit "C."

30. Through its current defense counsel, Gardner Bishop demanded that CCIC provide it with a defense and or indemnity in Kanard Suit, under the CCIC Policy, solely and to the exclusion of any defense or indemnity obligation owed under the Travelers Policy.

31. CCIC maintains that Gardner Bishop is not entitled to defense or indemnity under the CCIC Policy, in whole or in part, and therefore seeks a declaration of its rights and responsibilities with respect to defense and indemnity of Gardner Bishop in the Kanard Suit.

32. In the interim, CCIC agreed to participate in the defense of Gardner Bishop under a full reservation of rights and without waiver of any kind or degree.

## COUNT I

33. Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint, as though set forth fully herein.

34. The CCIC Policy contains the following provisions:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" <u>to which this insurance applies,</u> caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . <u>However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.</u>

Exhibit "C" at Section II.A. (emphasis added).

35. The CCIC Policy also contains the following provisions:

> 1. Who Is An Insured
>
>    The following are "insureds":
>
>    a. You for any covered "auto".
>
>    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>       * * *
>
>       (4) Anyone other than your "employees", . . . , a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

Exhibit "C" at Section II.A. (emphasis in original).

36. The CCIC Policy contains the following definitions and endorsements:

> A. "Auto" means:
>
>    1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads;  [See also, Endorsement CTP 5606, below]

* * *

    F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

    G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

    H. "Insured Contract" means:

* * *

        5. That part of any other contract or agreement pertaining to your business. . . under which you assume the tort liability of another to pay for "bodily injury" . . . to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

* * *

    P. "Trailer" includes semitrailer or a dolly used to convert a semitrailer into a trailer.

    Q. "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

Exhibit "C," Truckers Coverage Form, Section VI.

    37. The CCIC Policy also contains the following provision:

The following is added to the definition of "auto" in the DEFINITIONS SECTION:

When a covered "auto" that is a land motor vehicle and a covered "auto" that is a "trailer" or semitrailer are attached, they are for purposes of the liability coverage under this policy, a single covered "auto".

Exhibit "C" at AMENDMENT OF THE DEFINITION OF "AUTO" Endorsement, form

CTP 5605 (01/01).

1380390        7

38. The CCIC Policy contains the following exclusions.

B. **Exclusions**

This insurance does not apply to any of the following:

\* \* \*

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" . . . occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

\* \* \*

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business;

\* \* \*

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**7. Handling Of Property**

"Bodily injury" . . . resulting from the handling of property:

\* \* \*

b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" . . . resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

Exhibit "C," Truckers Coverage Form, Section II.B. (underscore emphasis added; bold emphasis in original).

39. The CCIC policy of insurance does not apply to the bodily injury claim of Kanard as alleged in the Kanard Suit.

40. Based upon the foregoing provisions, definitions, endorsements, and exclusions, and upon other unenumerated provisions, terms, and conditions in the CCIC Policy, CCIC id not obligated to provide a defense or indemnity to Gardner Bishop under the CCIC Policy.

## COUNT II

41. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 40 of this Complaint, as though set forth fully herein.

42. Upon information and belief, Travelers issued a policy of insurance to Gardner M. Bishop, Inc. number DT-CO-963K3505-TIL-07, with effective dates of January 23, 2007, to January 23, 2008.  See Exhibit "B."

43. The Gardner, Masson, Bishop and Company, Defendant in the Kanard Suit, and Gardner Bishop as defined herein, are insureds under the Travelers Policy.

44. Upon information and belief, the Travelers Policy affords comprehensive general liability and/or third party liability coverage for claims or suits arising out of its insureds' operations, and the operations of their employees and agents, among other things.

45. The accident in question arose out of the operations of Travelers' insured(s) and the operations of their employees and agents.

46. Upon information and belief, the Travelers Policy affords coverage for liability arising out of or assumed in or pursuant to insured contracts, among other things.

47. The accident in question arose out of such a contract(s).

48. Based on the foregoing, and upon the unenumerated provisions, definitions, endorsements, exclusions, terms, and conditions in the Travelers Policy, Travelers is obligated to defend and indemnify Gardner Bishop with respect to any claims or suits arising out of the accident in question.

49. Travelers has admitted to said obligations.

Case 2:09-cv-04871-PGS-ES   Document 1   Filed 09/23/2009   Page 11 of 13

## **COUNT III**

50.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 49 of this Complaint, as though set forth fully herein.

51.     The Travelers Policy contains the following provision regarding Other Insurance.

    4. Other Insurance

       If valid and collectible "other insurance" is available to the insured . . . our obligations are limited as follows:

       a. Primary Insurance

          This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the "other insurance" is also primary. Then, we will share with all that "other insurance" by the method described in **c.** below.

       b. Excess Insurance

          This insurance is excess over any of the "other insurance", whether primary, excess, contingent or on any other basis:

             (1) That is Fire, . . . or similar coverage for "our work";

             (2) That is Fire insurance for premises rented to you . . . ;

             (3) That is insurance purchased by you to cover your liability as a tenant . . . ;

             (4) If the loss arises out of the maintenance or use of aircraft, "autos", or watercraft to the extent not subject to Exclusion **g.** . . . ; or

             (5) That is available to the insured when the insured is an additional insured under any other policy, including any umbrella or excess policy.

\* \* \*

1380390                                         11

55. Further, and in the alternative, based upon on the foregoing averments and enumerated policy provisions, and upon the other provisions, definitions, endorsements, exclusions, terms, and conditions in the CCIC and Travelers Policies, any coverage for defense and/or indemnity which might be owed under the CCIC Policy must operate in excess to any coverage owed by other Travelers or other insurers.

56. Further, based on the foregoing averments and enumerated policy provisions, CCIC is not obligated under the CCIC Policy to defend Gardner Bishop in the Kanard Suit.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully request that this Court enter an order in favor of Plaintiffs:

a. Declaring that Travelers owes a sole and primary duty to defend and indemnify Gardner Bishop (as defined herein) in the Kanard suit;

b. Declaring that CCIC does not owe a duty to defend or indemnify Gardner Bishop (as defined herein) in the Kanard suit;

c. Declaring that, if CCIC is found to owe either a duty to defend or to indemnify Gardner Bishop (as defined herein) in the Kanard suit, that such obligation is and operates excess to Travelers' obligation to defend and indemnify Gardner Bishop;

d. Retaining jurisdiction of this action to ensure compliance with its Court's Order;

e. Awarding Plaintiffs attorney's fees and all other reasonable expenses in pursuit of this action, together with interest thereon; and

  f.  Granting other such relief as the Court may deem just and proper.

          SEGAL MCCAMBRIDGE SINGER &
          MAHONEY, LTD.

          By: _____
           Walter H. Swayze, III
           Deborah M. Mulvey
           Suite 1700, United Plaza
           30 South 17th Street
           Philadelphia, PA 19103
           General No.: (215) 972-8015
           Telefacsimile No.: (215) 972-8016
           E-Mail: pswayze@smsm.com
           E-Mail: dmulvey@smsm.com
           Attorneys for Plaintiff,
           Carolina Casualty Insurance Company

Dated: September 23, 2009